IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CT-3043-FL

| | | |
|---|---|---|
| LISA GRAVES, also known as Lisa Campbell, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| HARACHIO HAYWOOD, CASSANDRA HERRING, MONTEIRA STEWARD, and MS. STALLINGS-ACRES, SEARGEAN WORESLY, SERGEANT HUCHERSON, and STACY O'NEAL, | ) ) ) ) ) ) ) | |
| Defendants.[1] | ) | |

Plaintiff, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter now is before the court for frivolity review of plaintiff's complaint pursuant to 28 U.S.C. § 1915, and on plaintiff's motions to proceed with preliminary hearings, (DE 12) and to appoint counsel, (DE 13).

The court begins with plaintiff's motion to appoint counsel. Plaintiff requests appointment of counsel because she does not have legal training and does not "understand" the proceedings. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the

---

[1] The court constructively has amended the caption of this order to reflect all defendants named in plaintiff's complaint and will direct the clerk to amend the docket caption accordingly.

individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff has failed to demonstrate that this case is one in which exceptional circumstances merit appointment of counsel, and she has demonstrated through her filings that she is capable of proceeding pro se. Accordingly, the court denies plaintiff's motion to the extent she seeks general appointment of counsel. Plaintiff, however, is entitled to appointment of North Carolina Prisoner Legal Services, Inc. ("NCPLS") to assist in discovery pursuant to standing order 17-SO-03, and the court will address appointment of NCPLS in a forthcoming order.

The court next turns to plaintiff's motion to proceed with preliminary hearings. Plaintiff's motion primarily requests appointment of her husband, Scottie Graves, to represent her in this action. Pursuant to the court's Local Civil Rules, a party who is not proceeding pro se must be represented by a licensed attorney. See Local Civil. Rule 83.1(d). Plaintiff's husband is not a licensed attorney, and the court therefore denies the motion. Plaintiff, however, may continue proceeding pro se in this action. The court additionally denies plaintiff and her husband's request for free copies of all filings in this action. Plaintiff is responsible for maintaining her legal records. The court or defendants' counsel will serve relevant filings on plaintiff in accordance with Federal Rule Civil Procedure 5.

The court next turns to the frivolity review of plaintiff's amended complaint. Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in

forma pauperis and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Plaintiff's claims are not clearly frivolous. Accordingly, this action is allowed to proceed.

Based on the foregoing, the court DENIES plaintiff's motions to appoint counsel, (DE 13), and for preliminary hearings, (DE 12). The court ALLOWS the action to proceed as to the defendants named in plaintiff's complaint and DIRECTS the clerk to amend the docket to reflect that Sergeant Woresly, Sergeant Hucherson, and Stacy O'Neal are named defendants in this action. The clerk is DIRECTED to proceed in accordance with standing order 14-SO-02, which governs service of process in state prisoner civil rights cases. In the event it becomes necessary, the court DIRECTS the United States Marshals Service to serve process on defendants pursuant to 28 U.S.C. § 1915(d). The clerk is further DIRECTED to proceed in accordance with standing order 17-SO-03 governing appointment of North Carolina Prisoner Legal Services, Inc. to assist in discovery.

SO ORDERED, this the 12th day of November, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge