IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CT-3043-FL

| | |
|---|---|
| LISA GRAVES, also known as Lisa Campbell, ) ) ) Plaintiff, ) ) v. ) ) HARACHIO HAYWOOD, CASSANDRA ) HERRING, MARTERIA SEWARD, ) LAWANA STALLINGS-ACRES, ) SHAVEDA WORESLY, SHEMELL ) HUTCHERSON, and FREDERICK ) O'NEAL, ) ) Defendants.[1] ) | ORDER |

This matter is before the court on defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE 67). The motion was briefed fully and in this posture the issues raised are ripe for ruling.

### STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on February 8, 2019, asserting claims for violations of her civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants failed to protect her from an inmate assault, in violation of the Eighth Amendment to the United States Constitution. Defendants, sued in both their individual and

---

[1] The court dismissed formerly named defendant N.C. Department of Public Safety by separate order entered December 27, 2019.

official capacities, are Harachio Haywood ("Haywood"), the interim warden of the North Carolina Correctional Institution for Women ("NCCIW"); Cassandra Herring ("Herring"), a correctional captain at the NCCIW; Marteria Seward ("Seward"), a correctional lieutenant at the NCCIW; Lawana Stallings-Acres ("Stallings-Acres"), a correctional field training officer at the NCCIW; Shaveda Woresly ("Woresly"), a correctional sergeant at the NCCIW; Shemell Hutcherson ("Hutcherson"), a correctional captain at the NCCIW; and Frederick O'Neal ("O'Neal"), an assistant superintendent at the NCCIW. As relief, plaintiff seeks nominal, compensatory, and punitive damages, and various forms of injunctive relief.

Following a period of discovery, and in accordance with the court's case management order, defendants moved for summary judgment on June 21, 2021. In support of the motion, defendants rely upon memorandum of law, statement of material facts, and appendix of exhibits comprising defendants' personal declarations and incident report dated January 30, 2019. Plaintiff responded in opposition to the motion, relying upon a memorandum of law, opposing statement of material facts, and plaintiff's personal affidavit.

## STATEMENT OF THE FACTS

The court recounts the facts in the light most favorable to plaintiff. Following her convictions on state criminal charges, plaintiff was housed at the NCCIW. (Pl's Aff. (DE 1-3) ¶ 2). On July 4, 2018, two NCCIW inmates, Shantal Neal ("Neal") and Amoni Williams ("Amoni Williams"), assaulted plaintiff near the "programs" building on the campus. (Id. ¶ 4). Neal repeatedly punched plaintiff on her head with a lock and bare fists. (Id.). Amoni also struck plaintiff's head with her fists. (Id.).

According to plaintiff, Neal informed other inmates that Rose Williams ("Rose Williams"),

another NCCIW inmate, paid her suboxone and cocaine to carry out the assault. (Id.). Rose obtained these controlled substances from defendant Stalling-Acres, an NCCIW correctional officer. (Id. ¶ V).

Plaintiff suffered significant head injuries, for which she received limited medical care. (Id. ¶ 4; see also Woresly Decl. (DE 72-1) ¶ 6). Although plaintiff reported the assault to both defendants Woresly and Seward, the correctional officers on duty at the time, neither of them investigated the incident or otherwise took steps to have Neal, Amoni Williams, and Rose Williams criminally charged. (Pl's Aff. (DE 1-3) ¶ 3). Plaintiff also reported the assault to defendants Hutcherson, Herring, Haywood, and O'Neal, who held supervisory positions within the NCCIW, but they also did not perform adequate investigations of the incident. (Id.). Neither the inmates who assaulted plaintiff nor defendant Stallings-Acres were disciplined or criminally charged as a result of the incident. (See id.).

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation

omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489-90.

B.  Analysis

    1.  Rule 56(d)

The court begins with plaintiff's argument that she needs additional discovery before responding to the motion for summary judgment. (See Resp. (DE 81) at 9, 12, 16).[2] "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: defer considering the motion or deny it." Fed. R. Civ. P. 56(d)(1). "Rule 56(d) mandates that summary judgment be denied when the nonmovant has not had the opportunity to discover information that is essential to his opposition." Pisano v. Strach, 743 F.3d 927, 931 (4th Cir. 2014) (quotations omitted). If the party requesting discovery is pro se, the United States Court of Appeals for the Fourth Circuit has "not insisted on an affidavit in technical accordance with Rule 56(d)" so long as the party adequately informs the district court of the need for discovery. See Goodman v. Diggs, 986 F.3d 493, 500 (4th Cir. 2021).

Relief under Rule 56(d) is "broadly favored and should be liberally granted in order to protect non-moving parties from premature summary judgment motions." McCray v. Maryland Dep't of Transp., Maryland Transit Admin., 741 F.3d 480, 484 (4th Cir. 2014) (quotations omitted). However, "a court need not allow discovery unless [the nonmovant] identifies material, disputed facts." McClure v. Ports, 914 F.3d 866, 875 (4th Cir. 2019); Hodgin v. UTC Fire & Sec. Americas Corp., 885 F.3d 243, 250 (4th Cir. 2018).

Here, plaintiff had ample opportunity to conduct discovery. The court appointed counsel to assist in discovery, and the parties were given approximately one year to complete discovery.

---

[2] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

5

(DE 46, 50, 63). And plaintiff fails to explain why this time period was insufficient to obtain the discovery identified in her response. See Pisano, 743 F.3d at 931 (explaining Rule 56(d) relief is reserved for parties who have not had an adequate "opportunity" for discovery). Plaintiff also does not explain how the requested discovery would create material, disputed issue of facts. McClure, 914 F.3d at 875. Accordingly, plaintiff's implicit requests for further discovery before ruling on the motion for summary judgment are denied.

2. Merits

The court next proceeds to the merits of plaintiff's claims, beginning with the allegations that defendants Haywood, Herring, Seward, Woresly, Hutcherson, and O'Neal (together, the "responding defendants") failed to protect plaintiff from the assault. The Eighth Amendment to the United States Constitution proscribes "cruel and unusual punishments." U.S. Const. amend. VIII. Under the Eighth Amendment, prison officials have a duty "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quotation omitted); see Hudson v. Palmer, 468 U.S. 517, 526–27 (1984). "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotation omitted). Under the first prong, "a prisoner must establish . . . a serious or significant physical or emotional injury" or that "[she] was incarcerated under conditions posing a substantial risk of serious harm." Makdessi v. Fields, 789 F.3d 126, 133 (4th Cir. 2015) (internal quotation omitted); Danser v. Stansberry, 772 F.3d 340, 346 (4th Cir. 2014) (internal quotation omitted).

The deliberate indifference prong requires a showing that defendants knew of and

disregarded an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837–38; Danser, 772 F.3d at 347. A plaintiff may establish deliberate indifference by producing direct evidence showing the prison official had actual knowledge of the risk and failed to protect her. Farmer, 511 U.S. at 842–43. As an alternative, "a prison official's subjective actual knowledge can be proved through circumstantial evidence" by showing that the risk was "obvious" and that the circumstances suggest the defendant must have known about it. Makdessi, 789 F.3d at 133; see also Farmer, 511 U.S. at 842. The official "must also have recognized that his actions were insufficient to mitigate the risk of harm to the inmate." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quotations omitted).

Here, plaintiff offers no competent evidence establishing the responding defendants were deliberately indifferent to or otherwise failed to protect her from the assault on July 4, 2018. Plaintiff does not provide sworn testimony or documentary evidence establishing that these defendants had prior knowledge of a risk that Rose Williams, or any other inmate, would assault plaintiff. See Farmer, 511 U.S. at 842–43. Nor does plaintiff establish that the risk was "obvious" and that the circumstances suggest the responding defendants must have known about it. Makdessi, 789 F.3d at 133. Finally, plaintiff's argument that these defendants knew of a "blind spot" in the cameras recording the area where the assault took place, (see Resp. (DE 81 at 13), is insufficient to establish deliberate indifference in the absence of evidence that responding defendants were or should have been aware of a risk of harm to plaintiff.

In her response brief, plaintiff argues that she wrote a "statement" in June 2018 accusing Rose Williams and defendant Stallings-Acres of a "love affair" and that some of the remaining defendants were aware of that statement. (DE 81 at 9, 11-12). Plaintiff's opposing statement of

7

facts also alleges defendant Woresly knew plaintiff felt threatened by Rose Williams and defendant Stallings-Acres. (DE 80 ¶¶ 7–8). This unsworn evidence is insufficient to create a genuine issue of material fact. See Rountree v. Fairfax Cnty. Sch. Bd., 933 F.2d 219, 223 (4th Cir. 1991) (noting party's arguments in briefing, if not supported by sworn affidavits, declarations, or other competent summary judgment evidence, cannot create a genuine issue of material fact). Plaintiff does not offer the witness statement itself or sworn testimony describing its specific contents. Furthermore, in the absence of such testimony or the statement, plaintiff's conclusory assertions that responding defendants were aware of the risk posed by Rose Williams or defendant Stallings-Acres are insufficient to create a genuine issue of material fact. See Wai Man Tom v. Hosp. Ventures LLC, 980 F.3d 1027, 1037 (4th Cir. 2020) ("[C]onclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion."); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 960 (4th Cir. 1996) (explaining "unsubstantiated allegations and bald assertions" cannot defeat a motion for summary judgment).

Plaintiff next asserts that the responding defendants failed to protect her from assaults and other mistreatment that occurred after July 4, 2018, and also refused to approve a CT scan following the assault. (Resp. (DE 81) at 4–5, 11). But plaintiff did not allege Eighth Amendment claims based on these incidents in her complaint. The complaint alleges only that defendants failed to protect her from the July 4, 2018, incident, and did not conduct adequate investigations following the assault. (See DE 1 ¶ IV.C; DE 1-1 ¶¶ 5–10). A party may not amend the complaint through briefing or oral advocacy. Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013). Accordingly, the court does

not consider claims plaintiff asserts for the first time in her summary judgment briefing.[3]

Plaintiff also asserts that responding defendants violated her constitutional rights by failing to conduct adequate investigations following the assault. (Compl. (DE 1-1) ¶ 6; Resp. (DE 81) at 7–11). Plaintiff does not have standing to challenge prosecutorial decisions or criminal investigations of third parties. See Leeke v. Timmerman, 454 U.S. 83, 86–87 (1981); Sattler v. Johnson, 857 F.2d 224, 226–27 (4th Cir. 1988). And for that same reason, plaintiff does not have a constitutional right to a thorough or complete investigation of her allegations. See also Smith v. McCarthy, 349 F. App'x 851, 859 (4th Cir. 2009). Finally, to the extent plaintiff is asserting that defendants did not provide a fair or meaningful grievance procedure, that claim, too, is without merit. "[I]nmates have no constitutional entitlement to or due process interest in access to a grievance procedure." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017).

Turning to plaintiff's claim that defendant Stallings-Acres put out a "hit" on her and orchestrated the assault, (see Resp. (DE 81) at 4), plaintiff fails to provide any evidence supporting this conclusory assertion. See Rountree, 933 F.2d at 223 (explaining a party's arguments in briefing are not competent summary judgment evidence). And while plaintiff attests that defendant Stallings-Acres smuggled controlled substances into the NCCIW, (see DE 1-3 ¶ 5), that fact does not standing alone establish she violated plaintiff's constitutional rights.

Finally, plaintiff asserts official capacity claims against all defendants. Official capacity clams are "in effect, . . . against the governmental entity employing [the defendant]." Nivens v. Gilchrist, 444 F.3d 237, 249 (4th Cir. 2009). And where defendants were employed by a state

---

[3] Plaintiff may bring these claims in a new action if she wants to pursue them. The court offers no opinion, however, on the merits of these claims or whether they are barred by the applicable statute of limitations.

agency during the relevant time period, these claims are barred by the Eleventh Amendment to the United States Constitution. See Board of Trustees of the Univ. of Ala. V. Garret, 531 U.S. 356, 363 (2001); Idaho v. Coeur d' Alene Tribe of Idaho, 521 U.S. 261, 267 (1997); Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995). Moreover, the limited exceptions to Eleventh Amendment immunity are not applicable here. See College Savs. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999); Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976); Ex parte Young, 209 U.S. 123, 159 (1908). Accordingly, these claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[4]

## CONCLUSION

Based on the foregoing, defendants' motion for summary judgment (DE 67) is GRANTED. Plaintiff's official capacity claims are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and any new claims asserted for the first time in plaintiff's summary judgment briefing are DISMISSED without prejudice. The clerk is DIRECTED to close this case.

SO ORDERED, this the 29th day of March, 2022.

LOUISE W. FLANAGAN
United States District Judge

---

[4] Defendants do not address the official capacity claims in the motion for summary judgment. Section 1915(e)(2), however, provides that where the plaintiff proceeds in forma pauperis, the court may dismiss the action "at any time" if it determines the plaintiff has failed to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).